May it please the Court and Counsel, I am Patrick Hearn, representing the United States Government, and I would like to set aside three minutes for rebuttal out of my twenty. Counsel, before you get into the details of the argument, are the appellees currently out of prison? Three of the appellees are currently out of custody, and I'm going to assume that they were deported back to Columbia. For simplicity's sake, the one that is still in custody is Gamboa-Victoria. He is not in custody on this case. He was released, and again, I'm going to assume he was deported back to Columbia, but since that time, he's been rearrested in another case, very similar to this one, on a boat transporting cocaine in the ocean and is in custody in the Middle District of Florida, Tampa Bay, facing the same charges he faced in this case. What impact, if any, does the fact that these prison sentences have been served and these folks have been, at least as to this case, been released have upon our deliberations today? Well, they did receive a four-year conditional release after they had served their sentences. Gamboa-Victoria is in the United States. If the United States were to prevail on its arguments, we would seek to have Gamboa-Victoria ridded back to the Southern District of California for resentencing. We would also explore avenues through international extradition with Columbia to seek the remaining three defendants to be brought back for resentencing also. One of the problems, since I was recently on the Zakharov case, where, and I don't think we're alone, it was assumed that the safety valve did apply in this kind of case, and now the government is saying, no, no, time out. There's no direct, I haven't found any direct authority that it does, but there sure are a lot of courts, Eleventh Circuit included this court, to analyze that. The government didn't raise the argument you're making here. Why does that argue for applying the rule of lenity and certainly impeaching the notion that it's clear under the statute, that the language is not clear under the statute, that the safety valve doesn't apply here? And as part of addressing that, I'm just curious why the government is anxious to remove the safety valve option, because why is this crime any less of one that you'd like to incent cooperation, which basically is the purpose of the safety valve? Clearly, it's a gray area as to the application of a Title 46 crime to the safety valve, and the government has accepted application of it in cases, and the government, such as this case, has objected to application of it. What other case besides this one in this circuit has it objected to it? I believe there's another case out of the Southern District of California on appeal. I don't have that case name with me. I was informed, I believe, it's set for next month for argument. That's puzzling, counsel. So you're saying that, I mean, as I look at the statute, it's pretty clear. I don't think it is ambiguous, but you're saying that the government has previously has acquiesced in the application of the safety valve to this offense, and yet you're saying that in this case and in some other case it isn't. I mean, you can't have it both ways. Which is it? The government's position is that it is not ambiguous, that it does not apply. Title 46, safety valve does not apply to Title 46. Say I agree with you. How in then do you acquiesce in the case that was before Judge Fisher and apparently in other circuits that it does apply? I think it's a misunderstanding of the application of the statute. I don't think in those instances and the record here in this case, and it was brought up in a reply brief, I think, for Gamboa, Victoria, that previous AUSAs on this case had initially stated to defense counsel that they thought safety valve would apply. Is it different understandings or is it just cutting some slack for defendants that Congress doesn't want you to cut some slack for because they're giving you information you're willing to pay for? My belief is that it's a misunderstanding of the application of the statute. I've not sat down with those AUSAs and say, give me your full reasoning as to why you made those statements. I think that nobody actually sat down and walked through all the statutes, 3553, 1903, and determined whether or not it applied. Let me see if I've got the logic of this right. When I look at the safety valve provision at 3553F, it says that if five conditions pertain, then in the case of an offense under five different sections or six or seven sections, there can be a break. Against a mandatory minimum. And the offense in this case is not one of the listed sections. So the safety valve doesn't apply. Correct. The argument the other way, if I understand it is, one of the listed sections is 21 U.S.C. 960. That doesn't actually make something a crime. It says the penalties for a whole bunch of crimes shall be such and such. That doesn't list the defendant's crime either. But the defendant's statute of their crime of conviction says sentence this one just like a 960. Have I got this right so far? Yes. So if it says sentence it like a 960, and 3553F says for 960 you can give them the safety valve and not apply the statutory mandatory minimum, why did they not get the safety valve? Well, in this case, they did get the safety valve. The government's position is they should not have. Yeah, I know. That's why we're listening to the appeal. Right. Correct. Because if you apply the application of a plain meaning interpretation of the statute, Congress has had the opportunities in the past to include But talk specifically about the words of the statute. I mean, we all know the shibboleths like plain meaning. Just work me through the grammar of these difficult statutes. Well, I believe that if Congress had intended 1903 to be part of the safety valve, it would have been included either under 3553 or 960. There's other statutes You don't think Congress would have understood as apparently a whole bunch of people have, including the government, that in accordance with means precisely what Judge Kleinfeld summed up as the defendant's argument? In accordance with? You're saying that that's so plain that Congress presumptively has made clear that the only thing they could have done was to specifically enumerate the safety valve as opposed to using a word that says in accordance with? Or I think they also could have said in accordance with 3553. And they chose not to do that. So the argument then is basically they've written a careful list here, and 1903 isn't in the list. Correct. And they do that for other statutes. They did it for 860, within a thousand feet of the school, as the Cacockton case. What do we do with Judge Fisher's concern that, gee, when you're reading the statute and revising really complicated statutes, it's hard to think of everything? And if you take one and you say sentence it like another, that should be enough to mean like another in all respects? I think it's the history on this statute that Congress has not gone back and included under 3553 or 960 that indicates that they don't intend the application of the safety valve. And I don't think it's a why would Congress try and bootstrap that statute into the safety valve when they could have just as easily, at some point over the course of the years, included it in the safety valve? The thrust of my, that's why maybe you could address from the government standpoint, why Congress uses a safety valve, gives it to the government basically as a bargaining chip. What is it so, why are you fighting to keep it out of this subset of the drug trafficking laws? I'm not certain that the application of the safety valve is used as a bargaining chip. It's an application. It's an inducement. It's an incitement, an inducement, as I understand, maybe I'm wrong, that you want to give the defendants a chance to cooperate and some incentive to cooperate with the government. The fifth part of the safety valve, requiring the defendant to come forward and give a statement regarding his involvement in a crime, is not as expansive as a defendant coming forward to cooperate or provide information for a 5K motion or a Rule 35 motion. And in fact, on occasions, and I don't recall if it happened in this case, I've had counsel limit the questions in a safety valve interview saying they only have to tell you about, you know, what they know about the crime, not, you know, other crimes that they may know have occurred. I think in this instance, Congress views 1903 as a very serious crime, more so than 841 or 955, and therefore chose not to include it in the safety valve by not listing it as a crime. The statement of Congress for 1903, and I paraphrase here, says, trafficking represents a specific threat to the security and well-being of the United States. Let me get you to another arrow in your quiver so you won't run out of time. If I understand it correctly, even if you lose on whether the safety valve applies at all, you have an argument that it shouldn't have applied here because they didn't truthfully provide to the government all information. They falsely provided to the government some information. Right. Now, that raises two questions in my mind. One is, how free are we to substitute our judgment for the trial judges? And the second is, how free is the trial judge to substitute her judgment for the jury's? I thought the jury thought these guys were a bunch of liars, based on the instructions, but you may have to take me through the instructions to prove that. Well, in a nutshell, that is the argument we made at the district court level, and we make on this level regarding the defendants and their duress defense. The standard review for the application by the court of the safety valve, after it found that it applies, is a clear error. And we think the facts show that there was clear error by the court when considering truthfulness as to these defendants. Okay. Now, let me ask you something about what looks like the critical lie or truth to me in the case. They say the only reason we did it is the bad guys told us they'd kill our families if we didn't. Coercion. The way I remember the general scheme of things is once the defendant has some evidence, like for entrapment or some other defense, then they get an instruction that the government has to prove beyond a reasonable doubt that they weren't entrapped. Is that the way it worked on coercion? Did the government have to prove beyond a reasonable doubt that they were not coerced? Excuse me. That is correct. That was the instruction. So the jury concluded beyond a reasonable doubt that they were not coerced? Correct. That means that the jury says beyond a reasonable doubt they're lying when they say they were and the judge says, no, they're not. They're telling the truth when they say they were coerced? In essence, that's what occurred, yes. There has been an argument made by defense that perhaps the jury did not wholesale find that there was no duress, but they did not find perhaps that one element of the duress instruction was not met. For instance, that there was an inability to escape and perhaps the jury found that was not beyond a reasonable doubt that they could have escaped. I would submit to you even that argument, when you get down to its base level, requires a credibility finding by the jury that the defendants are being untruthful. Do we have any case law in this circuit or elsewhere about how free a district judge is to decide that defendants are telling the truth when the jury is found beyond a reasonable doubt, something that would require them to be lying? I was not able. I looked for something along those lines. I was not able to find anything along those lines. It goes the other way. The jury can acquit somebody and the judge can still sentence as though they did it. The theory the Supreme Court gave for that is acquittal means it wasn't proved beyond a reasonable doubt, but it might still be more probable than not. But this is the opposite direction. It's proved beyond a reasonable doubt that they were not coerced. Correct. Correct. And I've got that instruction right. It was BRD? Yes, absolutely. It was not burden on defendant preponderance? No, the burden was on the government to prove beyond a reasonable doubt regarding the duress. And in addition, we also addressed the issue of acceptance of responsibility. Again, standard of view, there's clear error. That also is an argument based, the main argument is based upon the fact that the jury found that there was no duress. And in fact, the defendants, three of the defendants testified as to the duress. They also testified at trial that they did not believe or know that the cargo on the boats was cocaine. I would submit to the court that duress and denying that they're knowing that there's cocaine clearly goes to an element of the offense, which is knowledge or intent. Intent being for the duress and knowledge being the denial that in fact there's cocaine. That goes to material elements which acceptance of responsibility addresses. And I think the court was in clear error in finding that they accepted responsibility. They took the government to trial. They denied the numerous elements and... What's the government's position on the interplay between Johnson and Martinez? It seems that Johnson held that you could not get acceptance responsibility if you were asserting duress during trial, but you could get it post-trial. If you, in other words, after you lost on trial, you could come in and persuade the judge, as I understand it, that you have accepted responsibility. All you were doing was exercising your right to go to trial. And then Martinez comes along and casts doubt on that. It wasn't a duress case, although it construed Johnson and said, well, that because of the amendment, the deletion of I'm wondering if acceptance of responsibility now is at all a viable claim as long as, whenever the defendant relies on a duress defense. Our position would be that it is not, acceptance of responsibility is not viable when they rely on a duress defense. The language, the guidance language and the guidelines regarding acceptance of responsibility talks about going to trial when you're preserving an issue such as a suppression issue, whether or not a cert was delivered. Entrapment, you can go to trial, can't you, and get acceptance of responsibility. You're saying, yes, I did all these things, but I was entrapped into it. That doesn't preclude acceptance of responsibility. Entrapment, you're omitting all the elements. Well, what about duress? I did it, but I did it because. What's the difference? I think in this case, the difference is that the evidence shows that that's not true. Well, that may be, but I'm talking about, that's the evidence. This is a question of whether it applies factually, but I'm trying to understand why you could have acceptance of responsibility despite an entrapment affirmative defense, but you can't get it as a matter of law, not as a matter of fact, but as a matter of law if you exercise a duress affirmative defense. I think duress, when you put on a duress defense, you're negating, you're asking them to negate and you're denying that you had intent to commit that crime. I think in an entrapment situation, you're admitting you walked into it, that you had the intent, that you knew what you were doing, but you were led to do it by law enforcement and you were entrapped to do it. I think there's a distinction there. Do you need this, do you need to win on this point? I would think that if you win on the fact that you lied at their trials, then that's enough to deny them acceptance of responsibility, even if it is available on a duress defense. Yeah, I would agree with that, and I think that's implicit in our argument that the duress defense was, the jury found that there was no duress. I mean, to do that, the jury would have to find that the evidence the defendants put on, which was their testimony in that Counsel, I want to just spend a minute on the issue of what I'll call waiver. It's raised, of course, by the defendants, and I think what they said has a lot more credibility in my mind since you started off by admitting that the government has kind of waffled back and forth on the safety valve issue. They argue that these folks were promised a safety valve and then it was pulled out from under them. Now, admittedly, there was lots of evidence and so on that you didn't need to have their cooperation. I understand that argument, but isn't there something to the concept? It sounds like the government, both in terms of the facts and the law, is kind of switching back and forth from one foot to another, depending on whoever happens to be in charge of the office at a particular point. I believe in this case that the facts, the government's objection to the application of the safety valve side, the facts changed from those contacts with the AUSAs who said we've heard what you had to say, we believe it's truthful, safety valve applies, and then the plea agreement falls apart on other issues regarding role. The facts change, the defendants testify, they give another safety valve interview, and there's additional facts that arise out of the trial and in the subsequent safety valve interviews that led me as the prosecutor in that case to determine that I did not believe they were being truthful. So from your perspective, they, in effect, breached the agreement. They didn't do what they were supposed to do, and for that reason, you're not bound by any kind of an obligation to let them have the safety valve? I don't think even with the AUSAs saying we believe that the safety valve applied, that there was a contractual obligation that was stated in the course of discussions of resolving the case, they never went anywhere. But when you started out, you believed that the safety valve applied, right? In this case, I did not know. You didn't know, but you acted on the assumption that it did? Or you never would have offered it? Well, I did not offer it. I was brought in, I'm a trial attorney out of the Department of Justice in Washington. Somebody, whoever interviewed them in the safety valve interview, must have believed that the safety valve applied, right? Well, certainly. I don't think it was a bait and switch situation. Absolutely not. I think they had a misunderstanding of the law and did not do a full analysis of the application of the safety valve to Title 46. Was it the DOJ criminal that you're involved with? Is they the ones that spotted the statutory misunderstanding? Actually, no. It came to the forefront when the PSR was issued, and the PSR stated that it did not believe there was an application of the safety valve to a Title 46 crime. Up until that point, I frankly was focused on the trial, the litigation, and dealt with the sentencing when the sentencing came about. I would have thought, actually, that prosecutors would generally want the safety valve to apply to the crime in ambiguous situations. They'd want it anywhere they could get it, because it's one more thing they can use to squeeze people into talking. Well, I think in this situation, when the statutory analysis dictates otherwise, and the fact that I think looking at this statute, Congress views a 1903 violation much more seriously than, say, in 1955, simply for the fact that we have people outside the borders of our country operating with what they believe is impunity. Outside the reach of the law, they're closer to the organizations that are creating the cocaine and are coming up with these elaborate plans to get it into the United States, that those people ought to look at it more as severe punishment than the individuals. That's not responsive to my question, actually. Let's suppose Congress says, 20-year minimum, and that's it, and we don't care. What excuses? And the prosecutor says, oh, my gosh, that's terrible. That means all I can offer these guys is 20 years minimum, no nothing. None of them are going to talk. And it's going to be hard to convict if I can't get any of them to talk, and it'll be hard to go up the chain. So I'd rather have a safety valve. I believe prosecutors are bound by the statutes that Congress gives them. And I don't think if their analysis allows for them to use a safety valve, then you can't use it. And I think in this instance, the analysis of the safety valve to Title 46 does not allow for that, even if the prosecutor thinks in the long run it would be helpful to them in their investigations and their cases if they could, in fact, get a defendant in there through a safety valve to talk to them. I have now an institutional question, because this is a new position by the government. I realize in Judge Moskowitz's case, is that the one you're saying is on appeal as well? He specifically. Actually, it's my understanding that the U.S. Attorney's Office of San Diego did not appeal that case, but a different case. Well, okay, that just reinforces you're shown on the day sheets as a USA San Diego. Are you saying you're not? You're from Maine Justice? I'm a trial attorney, Maine Justice, narcotics section. I was designated as a special assistant U.S. attorney. So what I want to know is, is the government nationally now taking the position that the safety, that you're arguing in this case before this court, that is the uniform position of the Department of Justice nationwide? I cannot speak to them on that policy issue, and I'm not aware of a policy that represents the position that I'm arguing to the court today. Okay, so all you're arguing is a position of the Southern District, the U.S. Attorney for the Southern District. Correct, correct. And I apologize if the court got the wrong perception. No, no, no. I'm just trying to understand, because, you know, the Department of Justice litigates cases across the Ninth Circuit. The Zakharov case didn't come out of Pasadena. It didn't come out of the Southern District. So I'm concerned that we've got the government taking a new position, because in AUSA, I'm not discrediting your standing or anything else, but, you know, we need to know what the government's position is. We can't just come in and start arguing in the Southern District of California that the statute's plain meaning means X, and meanwhile, prosecutors up and down the Ninth Circuit, not just in outside of San Diego, just outside of San Diego, maybe in the Northern District or even in the Central District here, don't agree with it. So where's justice, where's main justice on this? As I appear before you today, I'm representative of the U.S. Attorney in the Southern District of California. I can, if the Court would like, go back to the Department of Justice and make inquiries and make a submission as to what I can learn and if, in fact, Department of Justice has generated a policy regarding this or would intend to based upon the Court's inquiries. But you've had no direct communication with main justice? Not regarding this issue, no. Okay, thank you. I don't know if you should do anything. I think the panel will have to. If we want to issue any orders, we will. If you have these available, perhaps in a rebuttal or whatever, if we're going to do that, I'd like to know the cases, if they are citable cases, where the government has, in fact, treated the safety valve as applying. I think you started out by saying you were aware of a couple of instances. My colleague mentioned Zakharov. You know of any other cases where the government has, in fact, supported the concept of the safety valve applying here that you could cite for me? I probably misspoke when I said a couple of cases. I'm not aware of other citable cases. When I was speaking of cases, I was thinking of the prior instances in this case with other AUSAs. I apologize for that. Okay. Thank you, counsel. Okay, thank you. Even though you're way over your time, I'm going to allow one minute for rebuttal anyway. It's an important check on half a lease. Thank you. Counsel? Can I please report? My name is Casey Donovan. I represent the Pele, Hiro, Gamboa, Victoria, who is in a different position because I believe Judge Smith brought it up. He, we believe the argument of waiver is strongest as to him. He was invited in by the U.S. Attorney to debrief on October 5th, very early on in the case. I was called by the United States Attorney Jay Alvarez, who has since left the office. He went in and was debriefed, and two weeks after that, he called me and said that the government was willing to give him a safety valve at that time. That was put on the record in the court on November 14th or November 23rd, I believe. It's in the transcript. Carol Lee had then taken over the case because Mr. Alvarez had left the office. And so the court was aware of that. As this bench knows, the safety valve and plea agreements are completely inconsistent. I don't understand why that matters. Suppose a defendant says, I'll give a statement if you'll treat the safety valve as applicable. The government says, yes, it's a deal. We'll give you the safety valve if we're satisfied that these conditions are met. And the defendant goes in and talks in reliance on that. But then the government concludes, perhaps the first AUSA concludes what the defendant said was fine. But then after they examine it further in the light of other evidence, the government concludes that the defendant has not truthfully provided to the government all information. Wouldn't that be enough to deny applicability of the safety valve to him, even if they waived the issue of safety valve applicability in general? Not as to Mr. Gamboa, Victoria, because he did not give any other – first of all, the government is agreeing that Mr. Victoria gets the safety valve if the court finds that it applies here. That happened down below. In other words, he's the only defendant where the government has agreed that he satisfy the safety valve for the fifth prong. How – I'm interested in this concept. Maybe it should be directed to the government. If the statute doesn't permit it, how would the government even have authority to offer the safety valve, whether or not they did offer it to your client? Well, the issue here, Judge, is from a Santabello type of point of view and equity point of view, is the government offered Mr. Gamboa the safety valve. He relied on that. He did not testify. There were two trials here, two separate trials. He did not testify at either trial because it's exactly for the point of what they're saying with respect to the other defendants. They then went in and testified at trial. The government is saying they made changes. Therefore, they shouldn't get safety valve. He gave up his right to testify at both trials because he was relying on the fact that the government had said, we are going to give you the safety valve. This is Gamboa Victoria. Gamboa Victoria. So he did not testify in either trial. He then gave a second debriefing with Mr. Hearn after the court had held that safety valve applied, and Mr. Hearn came in and said, we agree that he gets the safety valve. So he's in a different position. Is that on the record, counsel, that I think you mentioned that it was put on the record that he was going to get the safety valve? Do you know what the site is in the record on that? I can get it during rebuttal. That's fine. That's fine. Get that to me, please. It's in the, I believe, the November 23, 2004 transcript. Secondly, under contract law agreements, this is not where the government came in and said, with regard to Gamboa Victoria, we find the safety valve doesn't apply. This is where the probation department said the safety valve didn't apply. And it's under Lopez and places like that where there's an agreement, where there's a plea agreement, and the fact that the probation says something, that doesn't give the government the right to come in and change their position. What if there's no statutory right on the part of the government to offer the safety valve? What would your thought be on that? I think under some of the cases I've cited where there are unfulfillable promises and things like that, that the government is still bound by its promise. I thought the law was the opposite, that the government was not bound by the misrepresentations of its agents. And that if, oh, to simplify it a little bit, suppose that Congress had said the sentence is mandatory minimum of X, and a prosecutor didn't know that and made a deal for a plea of guilty in exchange for a sentence substantially less than X. I think the law would be the government's not bound by the prosecutor's misrepresentation and the defendant still gets sentenced to X in violation of his deal. I remember a case called Thomas v. INS that lays all this out in the Ninth Circuit. I believe here the fact is that the law does apply. There's no law that said that safety valve didn't apply. And as we've laid out, it clearly is. So you're conceding you really have to win on the issue that the safety valve applies through 960 to 3553. No, I'm not conceding that for my client because they've agreed that he should get the safety valve. He relied on it to his detriment by not testifying in either trial. And then because the probation department raised the issue that it didn't apply. This circuit has held that we can enforce a plea agreement where the prosecutor exceeded his authority. I think that may have been an in-bank case, certainly within the last couple of years, that notwithstanding the lack of authority, the government's held to its bargain. And they had to go back and make the offer even if he wasn't. Now, I don't know whether it was the federal or the state government. The other issue is maybe estoppel against the government. I know we've also raised estoppel here. But Mr. Nader, I assume, will also go to the statutory thing. But from Mr. Gamboa's point, there's certain – the government's saying that 955 is different than 1903. Well, if a ship is coming from Columbia and gets within 12 miles of the coast and is arrested and charged with 955, all the people on that boat are allowed to get safety valve if they qualify for all the other things. So it doesn't seem to make much common sense that if you're 15 miles out and you get arrested and charged with 1903, you don't get it. And if you are charged within the 12-mile limit, then you are eligible for safety. You're about out of – you're going to use up your time. Can I ask you about the acceptance of responsibility duress issue? Your client's not involved in that. No, I don't believe so, Your Honor, because he gave a – he gave a – His is strictly on safety valve and – Well, no, he got acceptance of responsibility. But he didn't invoke a duress defense or anything? He did not testify at either trial. But we had to argue. So is the government arguing you don't get the acceptance? My understanding is they're arguing he shouldn't get it. Why is that? He didn't plead guilty? Because he didn't plead guilty. But he gave a – But he pleaded guilty, or was it a package deal where they'd all have to plead? No, it was not an absolute package deal. But the point was that the government refused to give roll to any of the defendants. Refused what? They refused to give the roll to any of the defendants. So, in other words, even if they gave – He wouldn't plead unless he got minor roll? Right. He wouldn't plead unless he got minor roll. And if he didn't get minor roll, he would have had to do the mandatory minimum anyway. And also just with respect to, if I might add, with respect to the common sense of the statute, the 2D1.3 gives a breakdown that allows the – if you have a serious amount of drugs and you get roll for it to go to 34 and 32, et cetera. It used to be, at the time of this case, it was 38 to 30. And it would make absolutely no sense for the – and that was not passed until 1996 or something. It would make absolutely no sense for the Congress to have passed that. But, counsel, with respect, I'm not sure you're accurately indicating what this statute says. 955 prohibits mere possession, whereas 1903 governs possession with intent to manufacture or distribute. Those are different. They're not the same. Well, maybe it's 955A, which was the same. My apologies, Your Honor. But the – there doesn't seem to be a purpose for the distinction with – there's nothing in the statute that says it's a more serious crime or a less serious crime. Well, let's – we have to assume in our role that Congress, when it passes a law, writes words with meaning. And we have to take this statute as it's written, unless there's ambiguity. In this case, we've got statutes that govern two different kinds of things, different territorial waters, different functions, as I just indicated. Admittedly, they're not great distinctions, but there are distinctions. And they provided certain – they reference certain punishment statutes, and this one's not included. So I'm a little puzzled when you say that, you know, it's illogical that we construe it in that way. That's, in fact, what they wrote, and we're bound by that unless there's some ambiguity. Are we not? Well, my understanding is, as Judge Kleindl says, in accordance with 960. 960 is a sentencing statute. It's not a substance statute. And I would also think that the Court should look to the sentencing commission, because that's the yearly thing which is updating it. And the sentencing commission, when it says what other statutes apply, says go to the appendix, and the appendix for 1903 is 2D1.1. And 2D1.1 has the safety valve apply. And that safety valve didn't even apply in 1986 when the statute was initially passed. But the sentencing commission is not the Congress, is it? No, that's true. I will reserve if I have any further questions. Thank you, counsel. Good morning. May it please the Court. My name is Andrew Niator, and I represent Carlos Gamboa Cardenas. And with the Court's permission, I'd like to address the issue of whether the safety valve statute does apply to the boat case on the high seas. And the crux of our argument is, as Judge Kleinfeld indicated, that Section 1903G1 provides that a person who is convicted under 1903 shall be punished in accordance with 960. And then Section 960 specifically is modified by 3553F, the safety valve statute. In fact, 3553 states that the safety valve applies to offenses under 960. Therefore, the statutory language itself indicates that in accordance with 960 means that if one is convicted under 1903 and subject to the penalties of 960, that means to them apply the minimum mandatory and the safety valve of 960 and 3553. And one might ask, why does not – why does 3553F not explicitly list the 1903 high seas boat case? And I think it's very important to note, as Your Honors did, that 960 is not a substantive offense. One cannot be found guilty of violating 960 by itself. 960 is purely a penalty provision, and it requires that somebody have committed another offense. Therefore, if 3553 safety valve is only going to list the substantive offenses to which safety valve applies, there would be no reason to list 960 under that list because 960 is purely a penalty provision. The reason Congress indicated in 3553 that safety valve applies to offenses under 960 is because they clearly intended that any substantive offense whose penalties are governed by 960 would be eligible for safety valve under 3553. And our position is that that is a plain language interpretation of 3553 and of 960. But you'd have to agree, wouldn't you, Counsel? That's kind of a daisy chain approach to it. I see your logic as you get there. Is there any legislative history or anything else you can point to that would show that Congress had in mind the very construction that you had in mind? Yes, Your Honor. I think the legislative history is very telling on this issue. To begin with, historically, offenses of boat cases on the high seas have always been charged equally or less than offenses on boats within territorial waters. And that goes back to 1914 when the first legislation was enacted to address these issues. Now, eventually, originally the offenses of high seas, the penalties were half of those, of the penalties of boats that were within the territorial waters. Now, eventually there were some changes in the law and the laws were recodified. And in 1970, the Comprehensive Drug Abuse Prevention and Control Act codified under 21 U.S.C. 955 the prohibition of drug possession on board vessels. But it's very clear from the legislative history that Congress inadvertently left out of that legislation prohibitions on the high seas. And you say it's very clear. Now, do you have a cite to legislative history that would buttress what you're talking about? Your Honor, the one of the cases that's cited in our brief is actually a district court case, U.S. v. Olave. And in that case itself, it cites to the legislative debates that took place. And there is also a case out of the First Circuit, which I believe it's U.S. v. Mazzaferro, which addresses this issue, that stated that it was an inadvertent admission. And therefore, what Congress did was they eventually codified the high seas components of this offense into 955A. So at this point, we have 955, which deals with boat cases within the territorial waters, and 955A on the high seas. And importantly, Congress specifically stated that the penalties for 955A, which is the equivalent of the current 1903, are to be governed by the penalties of 960. Now, what eventually happened was because of some jurisdictional issues that Congress wished to incorporate into the high seas cases, the 955A was recodified under Title 46, 1903, the case that we're arguing today. But again, Your Honors, when they recodified the statute under Title 46, they reiterated in the language explicitly that the penalties under 46 U.S.C. 1903 are to be in accordance with 960. Therefore, Congress continued to expressly indicate in the legislation that they wished to continue the penalties for the high seas boat cases to be the same as those in the 955 cases. And so the question is, does Congress want to continue the penalties for the high seas cases or any other substantive offensive statute that would be controlled by 960? So, yes, Your Honor, the legislative history, I believe, supports our position very well. Roberts. Let me ask you about another issue before we run out of time. Your defendant, if I've got them straight, and I may not, is one of the ones who went to trial and said he was coerced. Is that right? Yes, Your Honor. Now, here was my concern about that. Let's assume for purposes of discussion that the safety valve is available to those defendants as a matter of law. The law on the three points for acceptance of responsibility is that while it's possible to go to trial and get it under McKinney, it's hardly the usual thing. Usually the guidelines say you don't get it. And Gonzalez, our decision dealing with McKinney, if I remember the name right, makes that quite clear. And also you don't get it if you lie at trial. In the case of your defendant, it's hard for me to make any sense of the jury verdict except that beyond a reasonable doubt they found that your client lied about duress. That would seem to preclude him both from the three points for acceptance of responsibility or any points for acceptance of responsibility, and also preclude him from the safety valve just because the information he provided to the government wasn't true, whether the safety valve is legally available or not. What am I missing here? Your Honor, I think that this is an issue that addresses whether all four clients all four defendants would have been eligible for safety valve, acceptance of responsibility, the imperfect duress departure which the district judge gave as well. And I have several points on that issue. To begin with, the issue of duress at trial is different than the issue of duress at sentencing. There is a specific departure within the U.S. sentencing guidelines that allows for an imperfect duress departure. Conceitedly, imperfect duress can cut you some slack on sentencing. Therefore, a jury can find, for instance, that the affirmative defense of duress has its own set of elements. But you don't think the district judge was saying the jury was wrong? You think she was just saying there's enough duress for sentencing, even though there wasn't enough for a defense? Your Honor, I think there are a couple of responses to that. To begin with, the district judge at sentencing had access to information beyond what the jury had. For instance, the district judge would have had information about statements that had been suppressed, about safety valve sessions, and the judge sat through both trials. And certainly no one juror sat through any more than one trial. So the district judge had access. Is there any authority that says that a district judge can sentence on the basis that something the jury found beyond a reasonable doubt is not so? Your Honor, there is a case, U.S. v. Shretha, S-H-R-E-S-T-H-A. Spell that again. S-H-R-E-S-T-H-A. Thanks. And that is 86F3rd at 935. And what happened in that case, I believe a defendant had engaged in a safety valve debrief, had then testified and denied knowledge, and then perhaps following trial engaged in another safety valve session and again said that, yes, I knew that there were drugs involved in this specific case. And the Court held that it was not clearly erroneous of the district judge in that case to grant safety valve to that defendant, because the only requirement is that the defendant give all the information that he has available to the government. And even if a defendant ---- Truthfully, it says. Truthfully, yes.  denied knowledge of the drugs. Even in that case, this Court held that the district judge still had the authority to grant safety valve to the defendant, because notwithstanding the trial testimony, at some point the defendant had given all the information that was available. And in the ---- Did the judge here ever ---- I read over her statement, and I wasn't sure I understood it, did she ever make clear whether she thought the jury was mistaken or why she thought the jury was mistaken? I mean, you just gave a reason why she might have thought that, but I don't remember her saying that. I do recall that during sentencing the judge didn't indicate that she believed based on, and she did cite to one of the defense experts who was a DEA agent, that people are threatened in Columbia, that duress does occur. And she believed that the defendants had been under duress. And you think the jury thought, oh, duress never occurs, Columbia, a nice place to go for a vacation, it wouldn't be anything like that? Well, Your Honor, the elements of duress would require that the defendants prove, for instance, that they had no reasonable opportunity to escape. So it would be plausible for the jury to think, well, perhaps there was duress, these people were threatened, but the record indicates that they engaged in the activity on the boat approximately two days after they claimed they were threatened. So a jury could say, yes, there was duress, but under the jury instruction, it requires that they have to believe their families weren't threatened either. No, Your Honor. Their families could or had escaped. Well, respectfully, I think that that's not the case. I think that it only means that the jurors could have believed that within that two-day period, even though there had been actual threats to the defendant and his family, the defendants had two days in which they could have tried to go to the police. Let's say you're right. The jury figures, well, yeah, they had to set out in the boats because the bad guys in Columbia were going to kill them if they didn't. But once they're out there in the open seas, they can just seek asylum. The first freighter from another country, they can pull up alongside. Still, their families are back at Columbia, and their story was that their families had been threatened. That's true, Your Honor. And the other point is that the jury have to think they're lying about that because there's no apparent opportunity for the families to escape. See, my concern was I thought you get past all the legal stuff and you give the juries what you're arguing for on thinking the defendants could have gotten themselves to safety. Still, the jury would have had to acquit unless it found beyond a reasonable doubt that the defendants were not threatened with the deaths of their families back in Columbia. Or, Your Honor, that the jurors could have thought that the families back in Columbia, once they knew that their husbands were on the boat, should have gone to another city or they should have gone to the police. There are many possibilities that the jurors could have thought this is what the family should have done. And the other point is that with a duress defense, it isn't the first. Could have, I think, rather than should have. Perhaps. But with a duress offense, again, it's an affirmative defense. And somebody who's going forward on an affirmative defense is not denying any of the elements. And that goes to acceptance of responsibility. Again, somebody who's going forward on affirmative defense such as duress or any of the other affirmative defenses is still admitting to the elements. And it's the admission to those elements that warrants the granting of acceptance of responsibility, which, by the way, probation also thought was appropriate in this case and granted to all the defendants acceptance of responsibility. My question about Johnson and Martinez, which. Your Honor, could you please repeat that? I don't know the question. Johnson ruled out relying on you couldn't get acceptance of responsibility if you asserted it at duress at trial, but said you could if you accepted responsibility at sentencing. And then Martinez comes along and says, well, they've reinterpreted, you know, this post-trial aspect has been jeopardized by the, as Judge Hall put it, alas for a defendant, which was not a duress case in Martinez, but she was addressing Johnson and said alas, the sentencing guideline has changed since then. Your Honor, I think that the fact that there is still in existence a specific departure for duress indicates that someone can be found guilty. And regarding the issue of duress, the case law indicates that the court, this Court should give great deference to the findings of the district judge. And in this case, the judge did make very specific credibility findings about the defendants, and she sat through two trials, lasted from the time of arrest until sentencing, I believe approximately three years. Do you have any more sites for me? I mean, I agree with you. We ought to give a lot of deference to the findings of a district judge, but we also give a lot of deference to the verdicts of juries. And I would think a district judge would have some explaining to do if she wasn't giving deference to the verdict of a jury. And did she explain any more than what we've already discussed? And do you have any more sites? Your Honor, I don't have any sites available, but at sentencing, the district judge did indicate that she thought that the specific recommendation of the U.S. Attorney's Office was particularly harsh because she stated that she sat through two trials over the course of 18 months, watched them, heard their testimony, knew about the safety valve sessions, compared all of that information and all the testimony, and found, based on the experts and on their testimony, that there was credible evidence that there was. You're giving me some nice rhetoric here and avoiding answering my question. I asked you, did she give – are there any more sites? And you said no. That was helpful. And then I asked you, did she give any more explanation of why she was not accepting what the jury appears to have determined in its verdict? And you talked about all of her knowledge, but she's not on the jury. I'm expecting her to talk about what daylight she can see between the jury verdict and her own impression, and it sounds as though she did not address her remarks to that, only to the depth of her own understanding. Your Honor, I don't have any recollection of her specific – of the judge specifically addressing the issue of why she was granting it when the jury reached a guilty verdict. So the answer to the question would be no. I don't believe that she specifically addressed that issue, to my recollection. Did the government make any objection during this that she was going beyond what the jury had found? I don't recall the government making that specific objection. The government certainly did object to the granting of these various departures and adjustments, but regarding Your Honor's specific issue, I don't recall a specific objection in that form. Okay. Thank you. Thank you, Your Honors. Although we went way over, I wanted to give you the same courtesy as all the other appellants today of a brief one minute to rebut. Thank you. I want to address two points. One was a question Judge Smith asked at the beginning of defense counsel's arguments regarding the fact that we objected to the safety valve and then we proceed with safety valve interviews. We preserved our objection with the trial court judge as to the application of the safety valve and then qualified that based upon her granting of the safety valve, the application of the safety valve. She acknowledged that. That was on the record, and she allowed us to proceed with safety valve interviews. Do you have a cite on that, counsel, in the record? No, not off the top of my head. I had one other point, but it escapes me. I appreciate Judge Kleinfeld's concern about Judge Gonzales not addressing the jury in the duress context or in the safety valve context, but was there any, did anybody put before Judge Gonzales that that was an issue that she needed to specifically address on the record, or is there some case law that says that she must? That approaches the other point I was going to make, Your Honor. The question you had before was whether or not there was an objection to the judge's comments regarding, in essence, finding the defendant's truthful and disregarding the jury's finding there was no duress. Her comments were her ruling based upon, were part of her ruling based upon our objection as to application of acceptance for the defendants because they claimed duress at trial and continued to do so in their safety valve interviews. But did you say, were you the one that was doing this or did this? No, it was me. Okay. Did you say, did you make the argument that Judge Kleinfeld has raised here is that she's departing or she's going around the findings of the jury? I didn't make an objection to her ruling. Our objection was implicit in the filings we had made. I understand what you did. I'm just, you know, as we talk about in jury instructions, district judges have to respond to what's in front of them. They're presumed to know the law. So if there's law that says in order to go around a duress finding, a lack of duress finding by a jury, then she's presumed to know that law. But if there isn't such clear law, then the next way it could be on her to make it clear, to articulate, would be that you said, Your Honor, how can you do this? The jury has found them, found against them on their affirmative defense. Therefore, you have to find that the jury, you have to go against the jury. And then she might have said, Well, this is why. No, that did not occur. Thank you. Thank you, counsel. United States versus the site. Is it just the site? Anyone object? I don't object to it. You don't get to argue again. Page 686 of bond. I'm sorry, could you speak louder? Top of page 50. It's page 686 in the appellant's volume 3 of the record. It's from the sentencing of January 27, 2005. I can read it to the court. This is the judge. If it's brief, read the words. Even there's no . . . I cannot say that the defendants are lying. I am not going to find that because the jury found the defendants guilty, that they should not be given credit for safety. First thing I want to say is I believe the government will appeal, et cetera, et cetera. That's . . . That's what I remembered. Thank you. Okay. Thank you, counsel. On both sides, United States versus Skamboa Cardenas is submitted. We appreciate the high quality of arguments we've heard today. Thank you. All rise. The hearing is adjourned. Go ahead. Thank you.  Thank you.
judges: Kleinfeld Fisher, Smith